IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN WHEATLEY, and JANA WHEATLEY, d/b/a TEAM GREEN, | CASE NO. 8:16CV148 |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| VICTOR KIRKLAND, RICHARD BERKSHIRE, FREE POWER COMPANY, INC., and SOLAR PRODUCT SOLUTIONS, LLC, | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (Filing No. 5) submitted by Defendant Richard Berkshire ("Berkshire"). For the reasons discussed below, the Motion to Dismiss will be granted in part; the Plaintiffs' First Cause of Action, alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961, *et seq.*, will be dismissed as to Berkshire, with prejudice; and Plaintiffs will be given leave to file an Amended Complaint pleading with particularity the facts constituting the alleged fraud asserted in Plaintiffs' Fourth Cause of Action, consistent with Fed. R. Civ. P. 9(b).

**FACTS**

For purposes of the pending Motion, all well-pled facts alleged in the Complaint (Filing No. 1) are presumed to be true, though the Court need not accept the Plaintiffs' conclusions of law. The following is a summary of those factual allegations.

Defendant Free Power Company, Inc. ("Free Power") had certain contracts with the City of Columbia, Missouri, for the installation of arrays of equipment to generate electricity. Free Power designated Defendant Solar Product Solutions, LLC ("SPS") as its project

coordinator to supervise procurement and construction services for the installation of the arrays. Defendant Victor Kirkland ("Kirkland") was the owner of SPS, and also controlled Free Power.

In 2012, Plaintiffs Bryan Wheatley and Jana Wheatley (the "Wheatleys"), doing business as Team Green, entered into a Construction Services Agreement (the "Agreement") with SPS. The Wheatleys signed the Agreement, (Filing No. 1-1, Exhibit A to the Complaint[1]), on May 8, 2012, and the Agreement had an effective date of April 7, 2012. (*Id.* at 1.) Pursuant to the Agreement, the Wheatleys were "to provide all equipment, materials, supplies, tools, labor and services necessary to complete designated Arrays . . . except the equipment set forth in Exhibit A." (*Id.* at 2.) Exhibit A to the Agreement listed the equipment to be supplied by SPS: Solar modules, Inverters, Racking, and Wire. (*Id.* at 13.)

After the Agreement was executed, Kirkland told the Wheatleys they must supply certain equipment for the construction project that the Wheatleys did not believe they were obligated to supply. The Wheatleys incurred substantial expense to procure and supply such equipment and to complete the construction project. After the project was complete, SPS, Kirkland, and Free Power declined to pay the Wheatleys for labor and equipment.

The Wheatleys allege that Berkshire, an attorney practicing law in Omaha, Nebraska, represented them during the negotiation and performance of the Agreement,

---

[1] The Agreement attached to the Complaint at Filing No. 1-1 contains spaces for the signature, name, and title of a representative of SPS, as well as a blank for the date the Agreement is executed by such representative, but those spaces are blank. The Agreement also contains blanks for the signature, name, and title of a representative of Defendant Free Power Company, Inc., as well as a blank for the date on which the Agreement is "Acknowledged and Consented to" by such representative, but those spaces are also blank.

and that they enlisted Berkshire's services to obtain payment. They also allege Berkshire served as general counsel for SPS and Free Power, and represented Kirkland, but failed to disclose these alleged conflicts of interest to the Wheatleys.[2]

The Wheatleys brought this action on April 7, 2016, asserting four causes of action: (1) Violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, *et seq.*, as to all Defendants; (2) Breach of Contract, referencing "Defendants" in general, but naming SPS and Kirkland, specifically; (3) Fraudulent Misrepresentation as to Kirkland, Free Power, and SPS; and (4) Fraudulent Misrepresentation as to Berkshire. It is the First and Fourth causes of action that are the subject of the pending Motion.

## STANDARDS OF REVIEW

**Fed. R. Civ. P. 9(b)**

Rule 9(b) provides in pertinent part: "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b)'s 'particularity requirement demands a higher degree of notice than that required for other claims,' and 'is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations.'" *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (quoting *United States ex rel. Costner v. URS Consultants,*

---

[2] Berkshire has presented evidence that he never served as general counsel for SPS or Free Power; that neither company ever retained him to perform legal services; and that he did not meet the Wheatleys until after they executed the Agreement. (Filing No. 7-2, Index of Evidence, at ECF 3–4.) The Court will not consider such evidence at this time, and will not convert the Motion to Dismiss to a Motion for Summary Judgment under Fed. R. Civ. P. 12(d).

3

*Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). A party must "must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result" to satisfy Rule 9(b)'s particularity requirements. *Id.* (citing *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1012 (11th Cir. 2005)). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* (citing *Costner*, 317 F.3d at 888). Rule 9(b) requires more than "conclusory and generalized allegations." *Id*. at 557 (citing *Schaller Tel. Co. v. Golden Sky Sys., Inc*., 298 F.3d 736, 746 (8th Cir. 2002)).

"The particularity requirements of Rule 9(b) apply to allegations of . . . fraud . . . when used as predicate acts for a RICO claim." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1069 (8th Cir. 1995) (citing *Flowers v. Cont'l Grain Co.*, 775 F.2d 1051, 1054 (8th Cir.1985)). However, the particularity requirements of Rule 9(b) do not apply to allegations of the other elements of a RICO claim. *See Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 919 (8th Cir. 2001) (stating "[t]here are two issues here that should be kept distinct: whether the plaintiffs have sufficiently pleaded acts of racketeering, and whether those alleged acts can be said to form a pattern," and that Rule 9(b) applies only to allegations of predicate acts involving fraud). Furthermore, "[w]here a plaintiff is not a party to a communication, particularity in pleading may become impracticable." *Id.* at 921. As a result, courts have relaxed the particularity requirement in those circumstances. *Id.* (citing *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1510 (11th Cir. 1988); *New England Data Serv. v. Becher*, 829 F.2d 286, 292 (1st Cir. 1987);

4

*Seville Indus. Machinery Corp v. Southmost Machinery Corp.*, 742 F.2d 786, 792 n.7 (3d Cir. 1984)).

**Fed. R. Civ. P. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629–30 (8th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "Instead, the complaint must set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. at 630 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011) (internal quotation marks omitted) (quoting *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010)). When ruling on a defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at

5

555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint, however, must still "include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

**Fed. R. Civ. P. 12(e)**

Rule 12(e) provides in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## DISCUSSION

**I. RICO**

RICO prohibits "any person employed by or associated with any enterprise engaged in . . . interstate . . . commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). A civil claim under "RICO 'does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.'" *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (quoting *Gamboa v. Velez,* 457 F.3d 703, 705 (7th Cir. 2006)). "To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation." *Asa–Brandt, Inc. v. ADM Investor Services, Inc.*, 344 F.3d 738, 752 (8th Cir. 2003) (citing *Hamm v. Rhone–Poulenc Rorer Pharms., Inc.,* 187 F.3d 941, 951 (8th Cir. 1999)).

To establish a civil claim for damages under RICO, a plaintiff must prove the defendant engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of

6

racketeering activity." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009) (quoting *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)); *see also* 18 U.S.C. § 1962(c). "The requirements of § 1962(c) must be established as to each individual defendant." *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008). A plaintiff's failure to establish "any one element of a RICO claim means the entire claim fails." *Id*.

Under RICO, the circumstances that must be pled with particularity include "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920 (8th Cir. 2001) (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982), *on reh'g*, 710 F.2d 1361 (8th Cir. 1983)); *see Murr Plumbing*, 48 F.3d at 1069; *see also DeWit v. Firstar Corp.*, 904 F.Supp. 1476, 1524 (N.D. Iowa 1995).

"When pled as RICO predicate acts, mail and wire fraud require a showing of: (1) a plan or scheme to defraud, (2) intent to defraud, (3) reasonable foreseeability that the mail or wires will be used, and (4) actual use of the mail or wires to further the scheme." *Wisdom v. First Midwest Bank, of Poplar Bluff,* 167 F.3d 402, 406–07 (8th Cir. 1999) (citing *Murr Plumbing, Inc.*, 48 F.3d at 1069 & n.6). "[T]he term 'scheme to defraud' connotes some degree of planning by the perpetrator, [and] it is essential that the evidence show the defendant entertained an intent to defraud." *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 991 (8th Cir. 1989) (alteration in the original) (quoting *United States v. McNeive*, 536 F.2d 1245, 1247 (8th Cir. 1976)).

7

It is recognized that the scienter element of fraud need only be alleged generally. Fed.R.Civ.P. 9(b). Nevertheless, pleadings of intent must satisfy the pleading requirements of Rule 8(a)(2). *See Iqbal,* 556 U.S. at 678. Accordingly, "conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc*., 61 F.3d 639, 644 (8th Cir. 1995).

Because the Wheatleys' RICO claims are based on predicate acts of fraud, they must allege each Defendant's participation in the enterprise under the heightened pleading standard of Rule 9(b). *See Crest Const. II*, 660 F.3d at 358; *Nitro Distrib., Inc.*, 565 F.3d 417, 428–29 (8th Cir. 2009). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (alteration in original) (internal quotation marks omitted).

The Wheatleys refer to two paragraphs of their Complaint for the facts to support their claim against Berkshire. (*See* Plaintiffs' Brief, Filing No. 13, at 4.) These paragraphs state:

> Berkshire represented to the Wheatleys and Team Green that the Agreement was a good deal and that he believed Free Power and Kirkland would perform. During the performance of the Agreement, Berkshire further represented to the Wheatleys and Team Green that he was personally assured by Kirkland and that he and Free Power would pay Plaintiffs what they were due pursuant to the Agreement.

(Complaint, Filing No. 1 at 4 ¶ 25.[3])

---

[3] The Complaint, Filing No. 1, contains two sets of paragraphs numbered 21 through 27.

> Berkshire repeatedly assured the Wheatleys that he was confident Kirkland would pay, that he knew Kirkland was "good" for the amounts Defendants owed and offered his expertise and assistance in procuring payment.

(Complaint, Filing No. 1 at 16 ¶ 72.)

Even if Berkshire breached a fiduciary duty he owed Wheatleys, and even if he assisted his co-Defendants in their alleged breach of the Agreement, such acts and omissions are insufficient to establish RICO liability. *See Manion v. Freund*, 967 F.2d 1183, 1186 (8th Cir. 1992) ("[B]reach of fiduciary duty is not one of the specified state crimes listed in the definition of 'racketeering activity,' 18 U.S.C. § 1961(1), and thus could not have supported a civil RICO claim."); *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 529 (4th Cir. 1987) (stating, where the plaintiffs had asserted mail and wire fraud as predicate acts, that "under no circumstances could a breach of fiduciary duty constitute a pattern of racketeering activity."); *McEvoy Travel Bureau, Inc. v.. Heritage Travel, Inc*., 904 F.2d 786, 791 (1st Cir. 1990) (holding that breach of contract does not constitute a scheme to defraud).

The Wheatleys have failed to state a RICO claim against Berkshire, and there is no reason to expect that any amendment to the pleading could cure the lack of a claim. Accordingly, the Wheatleys' RICO claim as to Berkshire will be dismissed, with prejudice.

## II. Fraudulent Misrepresentation

Under Nebraska law, a claim for fraudulent misrepresentation has the following elements:

> (1) A representation was made; (2) the representation was false; (3) when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was

9

made with the intention that the plaintiff should rely on it; (5) the plaintiff did
so rely on it; and (6) the plaintiff suffered damage as a result.

*deNourie & Yost Homes, LLC v. Frost*, 854 N.W.2d 298, 311–12 (Neb. 2014). "If a defendant's partial or ambiguous representation is materially misleading, then . . . the defendant has a duty to disclose known facts that are necessary to prevent the representation from being misleading." *Id*. at 312.

> [T]o prove fraudulent concealment, a plaintiff must prove these elements: (1) The defendant had a duty to disclose a material fact; (2) the defendant, with knowledge of the material fact, concealed the fact; (3) the material fact was not within the plaintiff's reasonably diligent attention, observation, and judgment; (4) the defendant concealed the fact with the intention that the plaintiff act or refrain from acting in response to the concealment or suppression; (5) the plaintiff, reasonably relying on the fact or facts as the plaintiff believed them to be as the result of the concealment, acted or withheld action; and (6) the plaintiff was damaged by the plaintiff's action or inaction in response to the concealment.

*Knights of Columbus Council 3152 v. KFS BD, Inc.*, 791 N.W.2d 317, 334 (Neb. 2010).

Liberally construing the Complaint, the Wheatleys allege that Berkshire induced them to enter into the Agreement with SPS by misrepresenting material facts concerning Kirkland's wealth and reliability, and by concealing Berkshire's alleged conflicts of interest. (Complaint, Filing No. 1 at 4 ¶¶ 24–26.) They also assert that Berkshire induced them to retain his legal services and to perform under the Agreement by assuring them that Kirkland was "good" for the amounts owed, and by concealing the conflicts. (Complaint, Filing No. 1 at 16 ¶¶ 71–77.)

The Wheatleys' fraudulent misrepresentation claim against Berkshire is not pled with the particularly required under Fed. R. Civ. P. 9(b), and the Court cannot conclude that the claim forms a part of the same case or controversy as the claims against the other Defendants, warranting the exercise of the Court's supplemental jurisdiction under 28

10

U.S.C. § 1367(a). "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "A plaintiff's claims derive from a common nucleus of operative fact if the 'claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'" *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quoting *Gibbs*, 383 U.S. at 725.)

Accordingly, the Court will permit the Wheatleys to file an Amended Complaint to state with specificity the time, place, and content of each alleged misrepresentation by Berkshire, and what specific damage the Wheatleys suffered as a result of their alleged reliance on each such misrepresentation.

IT IS ORDERED:

1. Defendant Richard Berkshire's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (Filing No. 5) is granted in part, as follows:

   a. The Plaintiffs' First Cause of Action, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, is dismissed as to Defendant Richard Berkshire, with prejudice;

   b. The Plaintiffs' Fourth Cause of Action, alleging "Fraudulent Misrepresentation as to Berkshire," is dismissed, without prejudice; and

2. The Plaintiffs have leave to file an Amended Complaint on or before July 18, 2016, to reassert their claim against Defendant Richard Berkshire based on Fraudulent Misrepresentation, consistent with this Memorandum and Order.

DATED this 5th day of July, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge