IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN WHEATLEY, and JANA WHEATLEY, d/b/a TEAM GREEN, | CASE NO. 8:16CV148 |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| VICTOR KIRKLAND, RICHARD BERKSHIRE, FREE POWER COMPANY, INC., and SOLAR PRODUCT SOLUTIONS, LLC, | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Action (Filing No. 14) submitted by Defendant Victor Kirkland ("Kirkland"). No party has opposed the Motion, although Defendant Richard Berkshire ("Berkshire"), asked the Court first to rule on his Motion to Dismiss (Filing No. 5) and Motion for Fed. R. Civ. P. 11 Sanctions (Filing No. 16). (*See* Berkshire's Response to Kirkland's Motion, Filing No. 20.) The Court dismissed with prejudice Plaintiffs' claim against Berkshire based on alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*. ("RICO"); dismissed without prejudice Plaintiffs' claim against Berkshire based on alleged fraudulent misrepresentation; and allowed Plaintiffs to file an amended complaint to reassert their fraudulent misrepresentation claim with requisite particularity. (*See* Memorandum and Order at Filing No. 22.)

Plaintiffs filed a First Amended Complaint (Filing No. 23), asserting five causes of action. The first three causes of action are against Defendants Kirkland, Free Power

Company, Inc. ("Free Power"), and Solar Product Solutions, LLC ("SPS"). Those causes of action allege RICO violations, breach of contract, and fraudulent misrepresentation, in connection with the performance of a Construction Services Agreement (the "Agreement," Filing No. 23-1) entered into between Plaintiffs and SPS in March 2012, for the installation of solar power energy systems in Columbia, Missouri. The fourth and fifth causes of action allege fraudulent misrepresentation as to Berkshire, who allegedly acted as Plaintiffs' attorney from 2013 to 2016, without disclosing conflicts of interest, and led Plaintiffs to believe the other Defendants would make certain payments to the Plaintiffs.

The Plaintiffs' claims against Berkshire are not so related to the claims against other Defendants that they may be said to "form part of the same case or controversy," permitting the Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a). In other words, the Plaintiffs' claims against Berkshire and the claims against other Defendants do not "arise from a common nucleus of operative fact." *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Nor are they claims one would expect to try in a single judicial proceeding. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007). Accordingly, the claims against Berkshire will be dismissed, without prejudice. The remaining claims against Kirkland, Free Power, and SPS, will be transferred to the U.S. District Court for the Western District of Missouri, pursuant to the Agreement's choice-of-law provision. (Filing No. 23-1 at 9, ¶ 15.[1]) Because Plaintiffs filed their case laying venue

---

[1] The Agreement's forum selection and choice-of-law provision states, in pertinent part: "Parties hereto agree that any claim or controversy arising under this Agreement shall be adjudicated in a Court of Law within the State of Missouri" and that the Agreement will be "construed and interpreted in accordance with the laws of the State of Missouri[.]" Filing No. 23-1 at 9, ¶ 15. "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 973 (8th Cir. 2012) (citation

in the wrong district, and because transfer to the U.S. District Court for the Western District of Missouri is in the interest of justice, the action will be transferred pursuant to 28 U.S.C. § 1406(a).

The Court has reviewed Berkshire's Motion for Fed. R. Civ. P. 11 Sanctions (Filing No. 16), as well as the related briefs and indexes of evidence (Filing Nos. 17, 18, 24, 25), and declines to exercise its discretion to impose sanctions pursuant to Fed. R. Civ. P. 11 (c). Berkshire's Motion to Dismiss First Amended Complaint (Filing No. 29) will be denied as moot.

Accordingly,

IT IS ORDERED:

1. The Fourth and Fifth Causes of Action in the Plaintiffs' First Amended Complaint (Filing No. 23) are dismissed, without prejudice;

2. Defendant Richard Berkshire's Motion for Fed. R. Civ. P. 11 Sanctions (Filing No. 16) is denied;

3. The Clerk will remove the name of Defendant Richard Berkshire from the case caption;

4. The Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Action (Filing No. 14) submitted by Defendant Victor Kirkland is granted;

5. This action is transferred to the U.S. District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 1406(a);

---

omitted). No remaining parties dispute the enforceability of the forum selection provision, thus there has been no assertion that the Western District of Missouri is an inconvenient forum or that "proceeding in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* (citation omitted). Accordingly, the forum selection clause is valid and enforceable.

6. Defendant Richard Berkshire's Motion to Dismiss First Amended Complaint (Filing No. 29) is denied as moot.

DATED this 2nd day of August, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge